1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BULLIS, Alana K.,

                    Plaintiff,

          v.

SANDERLIN, Martha,

                    Defendant.

Case No. C05-5080RJB

ORDER DENYING
MOTION TO PRODUCE
DOCUMENTS AND
DENYING THE CITY OF
DUPONT'S REQUEST
FOR ATTORNEY'S FEES

15

16

17

This matter comes before the court on Plaintiff's Motion to Produce Documents Pursuant to

F.R.C.P. 45(e).  Dkt. 10. The court has considered the motion and response, and the remainder of the file

herein.

18

MOTION

19

20

21

On July 14, 2005, plaintiff filed a motion, requesting that the court find the City of DuPont (City) in

contempt and issue an order requiring the City to produce and permit plaintiff to inspect and copy all

documents she had requested in a *subpoena duces tecum* issued on June 28, 2005.  Dkt. 10.

22

23

24

25

26

27

28

In her motion, plaintiff contends that the *subpoena duces tecum* did not request e-mails to and from

all City employees, but only to and from DuPont public officials.  Dkt. 10, at 2.  Plaintiff further maintains

that electronic records, including e-mails are public records subject to Washington's Public Disclosure Act,

RCW 42.17; that, pursuant to Washington's General Records Retention Schedules for local Government

Agencies, the e-mails constitute public records that should be printed out and filed with the appropriate

record series; and that the City's objection that the request is unduly burdensome is frivolous because those

records should be readily available for inspection.  *Id.*

ORDER
Page - 1

In response, the City, which is not a party to the case, contends that (1) plaintiff's request is unduly burdensome because it requests what the City estimates to be over 166,000 e-mails, and it is uncertain whether the City could feasibly obtain the requested e-mails; (2) plaintiff's complaint does not state a claim because the complaint fails to articulate cognizable federal statutory or constitutional claims; (3) the e-mails would not produce documents relevant to her claim. Dkt. 11.  The City requests attorney's fees of $750  pursuant to Fed.R.Civ.P. 45(c)(1).  *Id*. at 7.

In her reply, plaintiff contends that (1) the e-mails are relevant to her claim, which is that "City public officials are willing to use e-mail as a tool for communicating with private citizens their dislike of plaintiff's free speech in order to spur the private citizens to contact and to harass the Plaintiff in an effort to chill Plaintiff's speech"; (2) the request is not unduly burdensome since state law imposes on the City a duty to provide the requested documents for inspection and for copying; (3) plaintiff made this broad request only after she submitted a more narrow public disclosure request on June 10, 2004, and received in response only thirteen pages of e-mails; (4) the City is not entitled to attorney's fees, since plaintiff acted reasonably in issuing the *subpoena duces tecum*; and (5) the court should impose sanctions upon the City for its noncompliance with the *subpoena duces tecum*.  Dkt. 15.

RELEVANT FACTS

On June 28, 2005, plaintiff issued a *subpoena duces tecum* to the City, requesting the following information: "All incoming and outgoing emails to/from DuPont Public officials from March 1, 2003 through June 30, 2005."  Dkt. 10, Exh. 1. A subpoena requesting identical information from the City in another case before this court, *Bullis v. Nichols*, C05-5081RJB, was issued the same day.

On July 7, 2005, the City's counsel sent plaintiff a letter, referencing both this case and C05-5081RJB.  The letter stated as follows:

> The City of DuPont is in receipt of two subpoenas in the above referenced cases dated June 27 and delivered to the City on June 28, 2005.  Both subpoenas request "All incoming and outgoing e-mails to/from DuPont Public Officials from march 1, 2003 through June 30, 2005."  The way your request is worded encompasses all incoming and outgoing e-mails for all City employees for that time period.  Thus, these requests are unduly burdensome.  Pursuant to FRCP 45(c)(2)(B), this letter serves as a written objection to your subpoenas and acknowledgement that without a court order the City will not comply with these subpoenas as written.

> If the City's interpretation of your request is incorrect, please advise the City by issuing revised subpoenas.

Dkt. 13, Exh. B.

ORDER
Page - 2

1    On July 25, 2005, plaintiff filed this motion for contempt and for an order requiring the City to

2 produce and permit plaintiff to inspect and copy all documents she had requested in a subpoena duces

3 tecum.  Dkt. 10.

4    In her reply, plaintiff contends that (1) the e-mails are relevant to her claim, which is that "City

5 public officials are willing to use e-mail as a tool for communicating with private citizens their dislike of

6 plaintiff's free speech in order to spur the private citizens to contact and to harass the Plaintiff in an effort

7 to chill Plaintiff's speech"; (2) the request is not unduly burdensome since state law imposes on the City a

8 duty to provide the requested documents for inspection and for copying; (3) plaintiff made this broad

9 request only after she submitted a more narrow public disclosure request on June 10, 2004, and received in

10 response only thirteen pages of e-mails; (4) the City is not entitled to attorney's fees, since plaintiff acted

11 reasonably in issuing the *subpoena duces tecum*; and (5) the court should impose sanctions upon the City

12 for its noncompliance with the *subpoena duces tecum.*  Dkt. 15.

DISCUSSION

13

14    Fed.R.Civ.P. 37(a)(2)(B) provides as follows:

15   If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a
     corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails
16   to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for
     inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested
17   or fails to permit inspection as requested, the discovering party may move for an order compelling
     an answer, or a designation, or an order compelling inspection in accordance with the request. The
18   motion must include a certification that the movant has in good faith conferred or attempted to
     confer with the person or party failing to make the discovery in an effort to secure the information
19   or material without court action. When taking a deposition on oral examination, the proponent of
     the question may complete or adjourn the examination before applying for an order.
20
     Plaintiff's motion was not accompanied by a certification showing that she had in good faith
21
   conferred or attempted to confer with the City.  In fact, the City had pinpointed one of the issues in its July
22
   7, 2005 letter to plaintiff: whether she intended to include all City employees within the definition of
23
   "Public Officials."  Plaintiff has not shown that she attempted in good faith to clarify the issue for the City.
24
   Further, the request in the *subpoena duces tecum* appears to be overly inclusive, and plaintiff has not
25
   shown that she attempted to confer with the City's attorney to try to tailor the request to the issues in this
26
   case.
27

28

ORDER
Page - 3

1    Plaintiff maintains that she tried to obtain e-mails through a Public Disclosure request to the City on

2    June 10, 2004, requesting e-mails containing the words "Alana," "Alana Bullis," and/or "Bullis," but that

3    she only received thirteen pages of e-mails. Dkt. 15, at 4-5. Plaintiff contends that, as a former City

4    councilmember, her name would have been included in many more than thirteen documents. As a result of

5    the inadequate response she received to her Public Disclosure request, she maintains that a more inclusive

6    request in the *subpoena duces tecum* was reasonable.

7    Plaintiff had a remedy for what she perceived an inadequate response to her Public Disclosure

8    request. RCW 42.17.340 provides for judicial review of all agency actions taken or challenged regarding a

9    Public Disclosure request. The request was made before this suit was filed on January 31, 2005. Dkt. 1.

10   The subpoena at issue here is related to *discovery in this case*, not to a prior response by the City to a

11   Public Disclosure request. Plaintiff did not meet and confer with the City's counsel to attempt to narrow

12   the discovery request to focus on the issues in this case. Had she done so in good faith, this motion might

13   well have been unnecessary. The court notes that it is also possible that the City does not have, and cannot

14   obtain, many e-mails because the City does not have its own e-mail server, and instead relies on third party

15   providers for its e-mail service. Dkt. 12, Declaration of Brian Forth, at 2.

16   Plaintiff did not provide a certificate of service showing that she in good faith conferred with the

17   City in an attempt to obtain the information without court action. Plaintiff's motion for contempt and for

18   an order requiring the City to produce and permit plaintiff to inspect and copy all documents she had

19   requested in the June 28, 2005 *subpoena duces tecum* should be denied.

20   The City has requested attorney's fees of $750 for the time spent in responding to this motion,

21   based upon plaintiff's failure to take reasonable steps to avoid imposing undue burden on the City. Dkt.

22   11, at 7.

23   Fed.R.Civ.P. 45(c)(1) provides as follows:

24   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable
     steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court
25   on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or
     attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost
26   earnings and a reasonable attorney's fee.

27   A review of the record shows that plaintiff believed that her request was reasonable. Although

28   plaintiff, who is an attorney but is proceeding on her own behalf in this action, failed to comply with the

ORDER
Page - 4

1    applicable procedural rules, it appears that plaintiff misunderstood her duty under the rules.  Attorney's

2    fees are not appropriate in this instance.  The City's request for attorney's fees should be denied.  Plaintiff

3    is informed, however, that she is required to comply with the applicable federal and local rules of

4    procedure, and that failure to do so in the future may result in sanctions.

5            Therefore, it is hereby

6            **ORDERED** that Plaintiff's Motion to Produce Documents Pursuant to F.R.C.P. 45(e) (Dkt. 10) is

7    **DENIED**.  The City of DuPont's request for attorney's fees (Dkt. 11) is **DENIED**.

8            The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

9    party appearing *pro se* at said party's last known address.

10           DATED this 1st day of August, 2005.

11

12           Robert J. Bryan
             Unites States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 5