UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BULLIS, Alana K., <br><br>             Plaintiff, <br><br>    v. <br><br>SANDERLIN, Martha <br><br>             Defendant. | Case No. C05-5080RJB <br><br> ORDER ON MOTIONS FOR SUMMARY JUDGMENT |

This matter comes before the court on defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6) and for Terms, which was converted by the court to a motion for summary judgment (Dkt. 19), Plaintiff's Motion for Partial Summary Judgment as to Defendant's Liability Under FRCP 56(a) (Dkt. 20), and Plaintiff's Motion to Enlarge Time to Join Parties and to Enlarge Time to File Motions Related to Discovery (Dkt. 22). The court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

PROCEDURAL AND FACTUAL BACKGROUND

On January 31, 2005, plaintiff filed a complaint against defendant, alleging claims under 42 U.S.C. § 1983. Dkt. 1. The complaint alleges in relevant part as follows:

3. Defendant is a social friend of all of the current elected public officials of the City of DuPont.

4. On or about June 8, 2004, Defendant was provided by a DuPont public official or public officials with a copy of an e-mail Plaintiff sent only to all DuPont public officials at their official e-mail addresses.

ORDER
Page - 1

>5. After receiving the aforementioned e-mail, Defendant promptly e-mailed the Plaintiff and harassed the Plaintiff.
>
>6. Defendant has continually and publicly attacked the Plaintiff, a former elected council member, for being an attorney and claiming to Plaintiff and to third parties that Plaintiff is not a "good" attorney, thereby harming the professional reputation of the Plaintiff, when Defendant has never had an occasion to observe the Plaintiff in the capacity as an attorney.
>
>7. Defendant holds herself out as a mental health professional and Defendant has made the claim to third parties that Plaintiff requires mental health treatment.
>
>8. Defendant willingly acts in concert with DuPont Public Officials to engage in a campaign to humiliate, harass, and harm the reputation of the Plaintiff in retaliation for Plaintiff's protected expression relative to the Plaintiff's criticism of the current administration and to chill the political expression of the Plaintiff.
>
>9. Plaintiff seeks as relief actual damages, punitive damages exceeding $250,000, and reasonable attorney's fees.

Dkt. 1, at 2.

On August 5, 2005, defendant filed a Motion to Dismiss Pursuant to FRCP 12(b)(6) and for Terms (Dkt. 19) that the court converted to a motion for summary judgment (Dkt. 23). On August 11, 2005, plaintiff filed Plaintiff's Motion for Partial Summary Judgment as to Defendant's Liability Under FRCP 56(a). Dkt. 20. On August 12, 2005, plaintiff filed Plaintiff's Motion to Enlarge Time to Join Parties and to Enlarge Time to File Motions Related to Discovery. Dkt. 22.

On September 1, 2005, plaintiff filed a document captioned "Plaintiff's Reply and/or Opposition to Defendant's Amended Response to Plaintiff's Motion for Partial Summary Judgment as to Defendant's Liability under FRCP 56(a) and Motion to Strike. Dkt. 30. This document is a hyper-technical and unreasonable interpretation of the procedural rules (*see* Fed.R.Civ.P. 1), and does not address the merits of the pending motions.

## DISCUSSION

**1.      Motions for Summary Judgment**

As a preliminary matter, defendant has moved to strike the brief and exhibits in plaintiff's motion for partial summary judgment because the pleadings are unsworn and do not constitute testimony. Dkt. 25, at 1-3. *See* Fed.R.Civ.P. 56(e). The court notes the deficiencies in plaintiff's pleadings. However, in the interest of fairness and efficiency, the court will consider the pleadings and factual assertions submitted by plaintiff in ruling on the motions for summary judgment, assuming they could be properly verified by plaintiff. *See* Fed.R.Civ.P. 1.

ORDER
Page - 2

      A. *Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6) and for Terms.* Defendant filed a motion to dismiss that was converted by the court under Fed.R.Civ.P. 12(c) to a motion for summary judgment. Defendant contends that this case should be dismissed because (1) plaintiff has asserted no violation of any federal constitutional law or federal or statutory regulatory law; (2) the factual allegations in the complaint, at best, allege a state law claim for harassment, and are insufficient to state a federal constitutional claim; (3) plaintiff does not provide any basis to establish harassment under RCW 10.14.020; (4) plaintiff has not shown that defendant, a private individual, engaged in sufficient joint operation with public officials to establish that defendant was acting under color of state law: (5) plaintiff has not set forth factual allegations sufficient to state a claim for conspiracy between defendant and public officials sufficient to establish that defendant was acting under color of state law; (6) plaintiff has not stated a federal constitutional claim under the First Amendment because the conduct alleged by plaintiff occurred in the give and take of the political arena, where all individuals have the right of free expression. Dkt. 19. Defendant also requests terms under FRCP 11 for filing this frivolous action. *Id.*, at 16-17.

      Plaintiff opposes the motion to dismiss, arguing that (1) the complaint is a short and plain statement of the claim showing that she is entitled to relief, which is sufficient to state a claim under Fed.R.Civ.P. 8(a); (2) the state action requirement was met, apparently because defendant was a joint participant in the alleged wrongs and/or the public officials, the state knowingly accepted benefit derived from the private party's unconstitutional behavior, and/or the coercive influence or significant encouragement of the state effectively converted a private action into a government action; (3) injury to reputation or defamation can state a cause of action under 42 U.S.C. § 1983 if plaintiff alleges loss of a recognizable property or liberty interest in conjunction with the allegation of injury to reputation; (4) state action designed to retaliate against and chill political expression strikes at the heart of the First Amendment. Dkt. 21, at 2-6. Plaintiff claims as follows:

> In this matter, Plaintiff alleges that the Defendant, as a private citizen, harassed, humiliated, and defamed Plaintiff because of Plaintiff's protected expression in criticizing public policies of her City government. Plaintiff provides a specific incident in which a City official or city officials engaged in wrongdoing (using official City communication for purely personal or political reasons) by providing the Defendant with an e-mail from Plaintiff wherein Defendant promptly and willingly contacted the Plaintiff by e-mail, the contents of which the Plaintiff found harassing. As a mental health professional, the Defendant has also claimed that the Plaintiff requires counseling, thereby injuring the Plaintiff's reputation. The Defendant's

conduct, with the joint action and the significant encouragement of City officials, in intended to chill Plaintiff's protected expression.

*Id.* at 6.  Plaintiff argues that these allegations are sufficient to state a federal constitutional claim under 42 U.S.C. § 1983.  As discussed below, plaintiff's allegations do not state a federal constitutional claim.

B.  *Plaintiff's Motion for Partial Summary Judgment as to Defendant's Liability Under FRCP 56(a)*.  Plaintiff filed a motion for partial summary judgment on defendant's liability.  Dkt. 20.  Plaintiff argues that she has stated a claim for harassment and defamation; that the reason for the harassment, humiliation, and defamation was her political speech; that the acts of harassment, humiliation and defamation were conducted jointly and with the significant encouragement of a DuPont city official(s), and that the actions were intended to chill plaintiff's political expression, in violation of the First Amendment.  Dkt. 20.

Plaintiff was a former DuPont City Council member, who ran for, and was elected to, a position on the DuPont City Council in the Fall of 2003.  Plaintiff had differences of opinion with council members and members of the public, apparently over issues of land use and growth; concerns she raised with the city attorney over the Open Meetings Act; the conduct of the fire chief and what public officials knew about the matter and when they knew it; a letter to the editor she wrote to the newspaper; an investigation regarding a former police sergeant; employee pay; a private agreement between the mayor and city administrator regarding supplemental income the city administrator was receiving; and the city's refusal to release an investigative report on the conduct of the police sergeant.  On February 24, 2004, following a contentious City Council meeting, plaintiff resigned from the City Council.

Plaintiff alleges that defendant personally attacked her at a City Council meeting on June 8, 2004, and that the mayor refused plaintiff's request to halt the attack.  Dkt. 20, at 11-12.  Plaintiff claims that, early the next morning, plaintiff sent an e-mail addressed only to city officials, apologizing for her conduct at the meeting; that shortly thereafter, she received an e-mail from defendant, which addressed certain comments plaintiff raised in the e-mail; and that defendant's e-mail was harassing in nature.  *Id.* at 12.  Plaintiff contends that defendant, a mental health professional, has admitted that she suggested that plaintiff seek counseling.  *Id.* at 15

In her motion for partial summary judgment, plaintiff contends that the following conduct by defendant violated her constitutional rights:

> The last time that Plaintiff was able to express her political views was at a council meeting on June 8, 2004. The City was in the process of adopting rules of conduct that prohibited personal attacks during City meetings on councilmembers and on members of the public. Plaintiff was hopeful that with the adoption of the rules, she could speak openly and freely regarding her political views. After praising the council for initiating the rules, Plaintiff requested that once the rules were adopted, to please provide a personal copy to Ms. Sanderlin. Plaintiff wanted to put Ms. Sanderlin on notice that her personal attacks on Plaintiff must stop. Plaintiff was fully prepared to listen to Ms. Sanderlin's response and for her to disagree with what Plaintiff had said. When Ms. Sanderlin got up to speak, she turned away from the council and turned instead to personally address the Plaintiff, who was in the audience. Instead of responding to what Plaintiff had just said relative to her, Ms. Sanderlin began a denigrating personal attack on the Plaintiff. Plaintiff object [sic] to Mayor Young, asking him "Are you going to allow this?" Mayor Young responded, "You had your chance." Plaintiff wanted to state that this incident is a prime example of how certain citizens in the City go beyond addressing opposition to the public statements of others, which is the reason why all of the 2003 council positions were unopposed because no one wants to put up with the abuse. After Mayor Young announced that it was his meeting and that he could shut it down, Plaintiff left the council chambers.
>
> Early the next morning, Plaintiff sent an e-mail addressed only to City officials expressing her apologies for her conduct at the meeting. Plaintiff was surprised that shortly thereafter, she received an e-mail from Ms. Sanderlin, which addressed certain comments Plaintiff raised in the e-mail and realized that Ms. Sanderlin could have known about those comments only if she had been provided with a copy of Plaintiff's e-mail from a City official or City officials (Exhibits 10 and 11). Plaintiff believed Ms. Sanderlin's e-mail was harassing in nature. While Plaintiff has concerns regarding City policies and desires to publicly express those views, Plaintiff has not made a public comment of any kind in over a year.

Dkt. 20, at 11-12.

The e-mail to which plaintiff refers was sent by defendant on June 10, 2004. The e-mail stated as follows:

> Ms. Bullis,
> As a mental health professional I always find it interesting to observe persons who think that they have every and all rights while others have none. Perhaps you forgot that prior to my effort to speak at Tuesday's council meeting without being interrupted, I was mentioned personally by you in your diatribe. I chose, in respect for the rules to sit quietly while you maligned me and I politely awaited my turn to speak. It is very telling that you chose to interrupt me not once but twice when, as I have already stated, (and everyone in the room observed), you had set the precident [sic] by personally addressing me (a private citizen) in your comments. I feel certain that any good attorney would advise you that there are different standards for public officials than for private citizens regarding the use of one's name.
>
> When I addressed you by [sic] previously in public comments you were a public figure and as such, you put yourself out to be addressed. I had little choice but to use your name. You had left the room and could not be addressed face to face like the rest of the council.
>
> You would be well advised to learn the difference between "assertive" behavior and aggerssion [sic]. The Assertiveness Model talks specifically about the rights of all parites [sic] to a "transaction" and is clearly the opposite of one person assuming they can talk over others and

> then demand that no one comment while they speak! When you make the choice to harrang [sic] and harass others, you have no right what so ever to talk about being afforded any level of respect from them.
> Martha Sanderlin

Dkt. 20, Exh. 11.

In a declaration submitted in response to plaintiff's motion for partial summary judgment, defendant stated (1) that defendant stated in a city council meeting, "if you can't stand the heat, get out of the kitchen", after plaintiff had left the meeting; and that these comments were made in response to plaintiff's verbal attack on defendant during the meeting; (2) that defendant stated in another city council meeting that "[i]f she had something to say to me, she could say it to my face", and that this comment was made the day after plaintiff resigned from the city council and in response to what defendant interpreted as plaintiff's implied insult of defendant at the meeting; (3) that defendant's interrogatory answer allegedly admitting that defendant told someone that plaintiff needed counseling was incorrect and defendant will issue an amended answer to that interrogatory; (4) that defendant never told anyone personally or in an e-mail that plaintiff needed counseling; (5) that defendant did not suggest that plaintiff is not a good attorney, even though defendant stated in an e-mail to plaintiff that "any good attorney would advise you that there are different standards for public officials and private citizens regarding the use of one's name"; (6) that plaintiff's professional reputation has not been harmed because she does not practice as an attorney and therefore she cannot show damages; (7) that defendant was never encouraged by any DuPont official to harass or intimidate plaintiff; defendant never planned with any DuPont public official any action regarding plaintiff at all; defendant never encouraged an -mail campaign or responded to anyone other than plaintiff about any issue she had with plaintiff; no DuPont city official ever asked or encouraged defendant to send plaintiff an e-mail; defendant does not recall how, or if, she got plaintiff's e-mail through the City or through a third party; defendant has never held an official position with the City of DuPont, although she occasionally sat on volunteer, minor ad hoc committees that have had no authority; defendant was not under any compulsion by City officials to address plaintiff at any city council meeting, and the views she expressed at the city council meeting were her own as a private citizen; and defendant was never encouraged by any public official to respond by e-mail to plaintiff's June 9, 2004 e-mail. Dkt. 24.

## 2. Legal Standard

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

## 3. Discussion

In her complaint, plaintiff has asserted a cause of action under 42 U.S.C. § 1983. Dkt. 1, at 1. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct

ORDER
Page - 7

complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

The first issue before the court is whether defendant deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. A liberal reading of the complaint shows that plaintiff believes that defendant made statements in city council meetings, while plaintiff was a member of the City Council and after she had resigned, that were defamatory and harassing; that defendant suggested to a third party that plaintiff needed counseling; and that defendant sent an e-mail to plaintiff after she had resigned from the City Council, that plaintiff believes was harassing.

*City Council Meetings.* The government may not deny a person a valuable privilege or benefit on a basis that infringes her constitutionally protected interests. *See Hyland v. Wonder*, 972 F.2d 1129 (9th Cir.1992), *cert. denied*, 508 U.S. 908 (1993). Defamation, by itself, cannot support a section 1983 claim. *Paul v. Davis*, 424 U.S. 693, 712 (1976). To state a claim for defamation under section 1983, a plaintiff must allege loss of a recognizable property or liberty interest in conjunction with the allegation of injury to reputation. *Cooper v. Dupnik*, 924 F.2d 1520, 1532 (9th Cir.1991), *rev'd en banc on other grounds*, 963 F.2d 1220 (9th Cir.1992). This is called the "stigma-plus" test. The "plus" part of this "stigma-plus" test is satisfied where there is either the denial of a right specifically secured by the Bill of Rights or the denial of a state-created property or liberty interest such that the Fourteenth Amendment's Due Process Clause is violated. *Id.* at 1532 n. 22. The rule that damage to reputation is not actionable under § 1983 unless it is accompanied by some more tangible interests, cannot be avoided by alleging that defamation by a public official occurred in retaliation for the exercise of a First Amendment right. *Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988)(citing *Paul v. Davis*, 424 U.S. at 701, 96 S.Ct. at 1161); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir.1994). Plaintiff has not alleged, nor has she shown, that she was denied a right specifically secured by the Constitution. Plaintiff has not stated a claim

under 42 U.S.C. § 1983 based upon alleged defamatory statements defendant made at city council meetings. For any retaliatory defamation and damages to reputation, plaintiff has a tort remedy under state law, not under the First Amendment. Further, to the extent that plaintiff alleges that defendant harassed her in the public meetings, those allegations do not state a federal constitutional claim.

*Suggestion for Counseling*. With regard to plaintiff's allegations that defendant improperly told another person that plaintiff needed counseling, this allegation does not rise to a constitutional violation. Statements of opinion are protected by the First Amendment unless they imply a false assertion of fact. *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19 (1990); *Lewis v. Time, Inc.*, 710 F.2d 549, 555 (9th Cir.1983); Restatement (Second) of Torts § 566 (1977). Defendant's answer in an interrogatory "of only one back-and-forth email conversation wherein Defendant did suggest that the Plaintiff seek counseling" is merely a statement of opinion, not an assertion of fact or an improper diagnosis by a mental health professional, as plaintiff asserts. Dkt. 20, Exh. 12, at 6. Plaintiff has not stated a claim under 42 U.S.C. § 1983 regarding any alleged statement by defendant to a third party that plaintiff should seek counseling.

*June 10, 2004 E-mail*. Defendant sent plaintiff the e-mail in question, apparently after plaintiff had resigned from the city council. Perhaps, arguably, the e-mail could be construed as harassment under state tort law, but the e-mail clearly does not rise to the level of a constitutional violation; plaintiff has not stated a claim under 42 U.S.C. § 1983 based upon any alleged harassment.

The cases plaintiff cites are not on point, are factually distinguishable, and are not relevant to the claims or facts alleged in this case. *See Gibson v. United States*, 781 F.2d 1334 (9th Cir.1986)(allegation that police helicopters frequently flew low over plaintiff's house in order to inhibit the plaintiff's nonviolent but confrontational political activities stated a claim under Section 1983); *Sloman v. Tadlock*, 21 F.3d 1462 (9th Cir. 1994)(sufficient evidence was produced regarding whether officer used his official powers, specifically his power to warn, cite, and arrest, to retaliate against plaintiff's exercise of his free speech rights in supporting ballot measure); *Karam v. City of Burbank*, 352 F.3d 1188 (9th Cir. 2003)(activist who brought civil rights claims against city, city officials, prosecutors, and police officers after misdemeanor charges against her of trespassing and delaying police officer were dismissed failed to satisfy burden of demonstrating causal connection between her

prosecution and her exercise of her First Amendment rights); *Butler v. Elle*, 281 F.3d 1014 (9th Cir. 2002)(city police chief and officers could not be held liable under § 1983 for violating businessman's rights to be free of illegal searches and seizures, under Fourth Amendment and Idaho Constitution, where chief and officers assisted in search of businessman's property by establishing perimeter around premises, at state police department's request, but no facts suggested that they were involved in investigation leading to search, physically participated in search, or were involved in decision to bring charges against businessman); *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982)(boycott activity which was not itself violent was constitutionally protected but the Constitution does not protect expressive conduct characterized by violence); *Allen v. Scribner*, 812 F.2d 426 (9th Cir. 1997)(genuine issue of material fact as to whether Mediterranean Fruit Fly Eradication Project employee would have been transferred notwithstanding his First Amendment expression precluded summary judgment).

Plaintiff has not stated a claim sufficient to establish that defendant's conduct deprived her of a right, privilege, or immunity secured by the Constitution or laws of the United States.

In addition, plaintiff has not shown that defendant acted under color of state law. Plaintiff alleges that defendant acted in concert with government officials when defendant personally attacked her at the city council meeting, when she told someone that plaintiff should have counseling, and when defendant sent her an e-mail after plaintiff's e-mail was allegedly forwarded to defendant from a city official.

Even construing all facts in plaintiff's favor, plaintiff has not shown that defendant acted in concert with city officials when she criticized plaintiff at city council meetings, and when defendant allegedly suggested that plaintiff seek counseling. Even assuming that defendant received from a city official a copy of the June 9, 2004 e-mail plaintiff had sent to city council members, this is not sufficient to establish that defendant acted in concert with city officials when she sent the June 10, 2004 e-mail to plaintiff. Plaintiff has cited no authority for the proposition that public officials may not share with other individuals e-mails they receive from public or private individuals. Receiving a forwarded e-mail from a public official, and then sending an e-mail to the author of the forwarded

e-mail, as defendant did here, is not sufficient to convert defendant, a private individual, into a state actor for purposes of Section 1983.

The cases plaintiff has cited in support of her claim that defendant's actions constituted state action are not on point, are factually distinguishable, and do not support plaintiff's arguments. *See George v. Pacific*, 91 F.3d 1227 (9th Cir. 1986), *cert. den.* 519 U.S. 108 (1997)(no state action when former employee of private correctional facility alleged that he had been terminated after he spoke out about safety and security issues); *Kirtley v. Rainey*, 326 F.3d 1088 (9th Cir. 2002)(no state action in case brought by grandmother against attorney who had represented her in state custody action, child's counselor, child's guardian *ad litem*, child's mother, and mother's attorney); *McDade v. West*, 223 F.3d 113 (9th Cir. 2002)(state action by county employee who accessed confidential information through government-owned computer data base to locate husband's ex wife at a battered women's shelter); *Coszalter v. City of Salem*, 320 F.3d 968 (9th Cir. 2003)(summary judgment reversed in case in which current and former city employees sued city and city officials under § 1983, alleging that defendants violated their First Amendment rights by retaliating against them for publicly disclosing health and safety hazards); *Sullivan v. N.J. Div. Of Gaming*, 602 F.Supp. 1216 (1985)(claim that gaming officials caused plaintiff to be deprived of contracts with Donald Trump dismissed after court found that any harm resulted from independent decision of Trump to repudiate contractual obligations, not actions of state officers).

Plaintiff has not alleged sufficient facts to establish that defendant acted under color of state law with regard to any of the facts alleged by plaintiff.

This complaint does not state a federal constitutional claim under 42 U.S.C. § 1983. The action is frivolous and without merit. Defendant's motion to dismiss/motion for summary judgment should be granted, and plaintiff's motion for summary judgment should be denied.

**4.     Plaintiff's Motion to Enlarge Time to Join Parties and to Enlarge Time to File Motions Related to Discovery**

Plaintiff filed a motion, requesting that the court enlarge time for her to join additional parties and to file motions related to discovery. Dkt. 22. The allegations in the complaint, viewed in the light most favorable to plaintiff, do not state a constitutional claim.

Before the court dismisses a *pro se* complaint, the court must afford the plaintiff an opportunity to file an amended complaint unless amendment would be futile or where the amended complaint would be subject to dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Reddy v. Litton Indus.*, Inc., 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989). In this case, plaintiff has not stated a constitutional claim. Permitting her to name additional parties and to pursue additional discovery, apparently related to other individuals, public or private, who may have communicated among themselves about plaintiff, would be fruitless. Any attempt to amend the complaint in this case would be futile; plaintiff should not be afforded the opportunity to file an amended complaint. The motion should be denied.

### 5. Defendant's Request for Sanctions

Defendant has requested that the court impose sanctions against plaintiff under Fed.R.Civ.P. 11 for filing a case that does not state a federal constitutional claim.

Fed.R.Civ.P. 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose. *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir.1994). Fed.R.Civ.P. 11 provides as follows:

> **Rule 11. Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions**
>
> **(a) Signature.** Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.
>
> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so

identified, are reasonably based on a lack of information or belief.

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

    **(1) How Initiated.**

      **(A) By Motion.** A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

      **(B) On Court's Initiative.** On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

    **(2) Nature of Sanction; Limitations.** A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.
        **(A)** Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).
        **(B)** Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

    **(3) Order.** When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

**(d) Inapplicability to Discovery.** Subdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37.

In this case, defendant did not comply with Fed.R.Civ.P. 11(c)(1)(A) because the request was not filed separately from another motion and defendant has not shown that she complied with the safe-harbor provisions of Section (c)(1)(A) by allowing plaintiff to timely withdraw or dismiss the claims herein. The court should deny defendant's motion for sanctions under Fed.R.Civ.P. 11.

In her opposition to defendant's motion to dismiss/motion for summary judgment, plaintiff requested that the court impose terms on defendant for failure to comply with the procedure for filing a motion under Rule 11. Dkt. 21, at 7-8. The court did not reach the merits of defendant's request for sanctions under Rule 11 because the request did not comply with Rule 11 procedures. Failure of defendant to comply with the procedural rules did not prejudice plaintiff, particularly since the court has found that this case is frivolous and without merit, and sanctions against plaintiff may well have been warranted. The court should deny plaintiff's request for sanctions under Fed.R.Civ.P. 11.

Therefore, it is hereby

**ORDERED** that defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6) and for Terms, which was converted by the court to a motion for summary judgment (Dkt. 19) is **GRANTED**. Plaintiff's Motion for Partial Summary Judgment as to Defendant's Liability Under FRCP 56(a) (Dkt. 20) is **DENIED**. Plaintiff's Motion to Enlarge Time to Join Parties and to Enlarge Time to File Motions Related to Discovery (Dkt. 22) is **DENIED**. Defendant's request for sanctions under Fed.R.Civ.P. 11 (Dkt. 19) is **DENIED.** Plaintiff's request for terms against defendant (Dkt. 21) is **DENIED**. This case is **DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 19th day of September, 2005.

Robert J. Bryan
United States. District Judge